Next case for argument, United States v. Fuentes, Ms. Ramez. Good morning, your honors. May it please the court, counsel. My name is Colleen Ramez and I'm here representing Mr. Fuentes on appeal. This case turns on the question of whether the Illinois burglary statute is divisible with respect to the question of intent. Because Illinois law makes it clear that a jury does not have to be unanimous as to the intended crime, a theft or a felony, there is but a single element of intent that can be accomplished through various means. Therefore, it was plain error for the district court in this case to apply the modified categorical approach and conclude that Mr. Fuentes had a conviction for an attempted theft offense predicated on his Illinois burglary conviction. There's a possible waiver here because the issue is given away in the plea agreement and then at the plea hearing and then at sentencing as well. So we've got three waivers. Yes, your honor, I do recognize that there was no objection made at either in the sentence. Actually, it's beyond the no objection status. That's a forfeiture. We've got an affirmative agreement that this eight level enhancement applies regardless of the legal correctness of it. I think you've got a good argument that it's legally incorrect, but I think it was given away. Your honor, I would argue that in a case like this, what I believe happened, and I was not counsel in this case, but from the record, it appears that based on Seventh Circuit precedent, counsel agreed that this applied and simply overlooked this potentially meritorious argument that it would not. There's no indication that Mr. Fuentes gained anything by agreeing to this or that. Right, but other defendants were making the Mathis argument in other cases. This is all pre-Edwards, but the Mathis case was out there and other defendants were advancing arguments that these statutes are overbroad in the sense that the modified categorical approach doesn't apply. I understand that. In this case, nothing in the record indicates that this argument was recognized and intentionally made. Even though the parties stipulated to the guidelines in the plea agreement, the stipulation didn't find the court and it wasn't a hard and fast pronouncement of what the guidelines necessarily were. What's the difference in the range? Without this enhancement, I believe the range would be 6 to 12 months. I believe that there's a possibility he might have a qualifying conviction under a different subsection of the statute, which might enhance his guidelines by maybe 4 points, 2 to 4 points. Let me pull up my notes on that. So it might be offset by another qualifying conviction? Not completely offset, no, Your Honor. I believe, if I'm remembering the PSR correctly, that there's a potential that he may have a conviction that might give him a 4-point bump as opposed to the 8-point bump. I'd have to go back and look specifically at the provisions. But I did not identify anything that would give him this 8-point increase that would offset. I don't know what, so he got 20 months, did he? He got 24 months, Your Honor. He got 24 months. Correct. So what is your objection? He pleaded guilty and so on. 6 to 12 months or potentially, depending on how the court would rule on another enhancement, potentially 15 to 21 months, I believe. But in any case, they should be lower than the 24 to 30 months that they were calculated at in the district court. And so the objection here is that because the guidelines were miscalculated, the court But he is quite a criminal wrecker, doesn't he? Always breaking into cars and stealing things out of them. I believe he had two convictions for that, sure. I haven't seen that before. That's a new crime in my experience. He's going around bashing in car windows and stealing stuff out of them. That sounds pretty bad. I can't argue with the PSR as it's written. You're not trying to paint him as a saint. Excuse me? You're not trying to paint him as a saint. No, clearly not, Your Honor. I mean, he does have a criminal history. My argument is simply that his criminal history does not justify this. You know what Illinois did was take the original common law definition of burglary, which is breaking into a dwelling house at night to commit a theft or other felony, and add to it house trailers, watercrafts, and so on and so on without changing the rule. The rule was to break in was a pilot felony. Well, the rule here, and what's interesting is that in this case, the court did not apply this on the basis that he committed a burglary, a generic burglary. They applied it because the facts show, and, you know, the argument over whether or not it's divisible, the statute is divisible as to the location is an apposite here, but the court applied it because it concluded that it was an attempted theft offense under this definition of aggravated felony. And you think that's wrong? And I believe that's wrong. I believe the court, when Illinois case law is examined, it is clear that the jury does not have to be unanimous as to the intent of the defendant. And because the jury does not have to be unanimous as to the intent, the issue is that it's clearly not divisible. It's not a divisible statute if they don't have to be unanimous. That's your point. You're the rebuttal type. Okay. But just to clarify, you are asking that we overrule Martinez-Garcia and Vacateles in light of math? Yes, that is correct, Your Honor. Okay. Thank you, Ms. Ramez. Mr. DiDuane? May it please the Court, Prakash DiDuane on behalf of the United States. To start off clarifying a question about the guidelines range, the guidelines range that was agreed to by the defendant and the government and calculated by the district court as well as the probation office was 24 to 30 months, which included a baseline offense level of eight plus an additional offense enhancement of eight levels for the aggravated felony. Without that, without the aggravated felony enhancement, the defendant would be subject to a four-level enhancement for a prior felony conviction. Just an ordinary felony. Just an ordinary felony conviction, bringing his total offense level down from 13 to 10. With a criminal history category four, the guidelines range would change from 24 to 30 months to 15 to 21 months. 15 to 24? 15 to 21, Judge. Okay. And he got 24, so now he's above instead of at the bottom of the range. That's right. With the correct calculation, as the defendant argues it. As the defendant argues it, yes, Judge. So in terms of the defendant's central argument, the government's view is that under Illinois law, burglary with intent to commit a theft is a separate offense, a different offense. That can't be right because Illinois would not permit its prosecutors to charge two offenses if a defendant or an offender commits a breaking and entering of this sort with both intents, right? I mean, if the defendant breaks into one of these places, building, car, et cetera, shed, whatever, with an intent to steal and intent to commit a felony that counts under Illinois law, say, to commit a sexual assault or something like that, if both prohibited intents, both alternatives are in play, you can't charge two counts of burglary. Illinois prosecutors would not be permitted to do that. The Illinois courts clearly would not permit that. So two points in response, Judge. First, it's unclear to us under Illinois law whether you could charge two different offenses. So the defense cites one Illinois case, People v. Smith. In that case, the defendant was charged with three different intents for one unlawful entry, and the court ultimately vacated two of those intents. It is unclear in that case whether the court was making this distinction about different offenses. The cases that it cited, it didn't have much analysis, but the cases it cited in support of its ultimate holding, those cases, in those cases the courts ultimately vacated sentences or convictions, even when it was clearly two different offenses that arose from the same occurrence. Right. All the cases that are cited, Smith and Payne and Palmer, are instructional error cases where there wasn't an instruction given on what the meaning of felonious intent is, as far as I can understand those decisions. There isn't a multiplicity decision of the state appellate courts, which is what you need to affirmatively say what the Illinois courts would do, right? You need a decision that says it's multiplicitous under the due process clause, or I'm sorry, the double jeopardy clause to charge two offenses. If it's a single crime, you've got to have two crimes in the same statute, and that has to be what the legislature intended. We've got nothing on that, right? Right. So neither side has found directly a case holding a multiplicity decision. Right. Is there anything that hints that this statute would permit two units of prosecution for a single breaking and entering? It's unclear, but the other point is that... You're a seasoned prosecutor. The unit of prosecution is the breaking and entering, right, the prohibited intent? Yes. The intent is an element, but the different kinds of intents are just alternative means. But to us, even if you would consider that the unit of prosecution is the entry, that's not dispositive of the issue of whether there are different offenses. So, for example, you could keep the statute exactly the same and the unit of prosecution would continue to state the entry, but, for example, if the Illinois legislature changed the statute to have higher maximum penalties for intent to commit a felony as opposed to a theft, those would clearly be a divisible statute with those being elements. Right, but we don't have that here. Yes, but what we do have is an Illinois Appellate Court pane that specifically addresses this issue and how changing from intent to commit a theft to intent to commit a felony was a different offense. It changed the elements of the offense. And it wasn't a case that was just speaking loosely. It was applying an Illinois statute that specifically addresses when an indictment may be altered without going to a grand jury. And that Illinois law requires that the state can do it in instances where it's used. As it pertains to notice, right? Not what the unit of prosecution and whether you can have two convictions for the same act, two convictions of two different crimes. I don't believe pane, that section of pane where the court was addressing whether an indictment can be amended, it addressed both issues, notice, but it also said that the amendment can only happen when it's as to means and not as to elements. That's the Illinois statutory law. And in support of that conclusion, it cited an Illinois Supreme Court case too late, which it held that an indictment that contains intent to commit a theft is different because under that allegation, the state can use an inference. The unlawful entry by itself contained an intent to commit theft. So to us, that's more akin to if the statute had contained additional penalties for one or the other. And the Illinois Appellate Court read the case the same way, that it created different offenses, and that's why the state could not have altered the indictment at the last minute because it altered the nature and elements of the charge as opposed to only the means. And that's consistent with what you see, for example, in the charging decisions. As Court Edwards said, one of the things you can look at, consistent with Mathis, one of the things you can look at is how the charging language actually was in the indictment or complaint or information, and here, the state did charge intent to commit a theft, and it's not just surpluses or mere additional factual information. I mean, the charge, as is charged, is what the state has to prove. If it proves something else, it's not just an immaterial variance, and that's sort of the issue in Tooley. The Court said, well, there's an inference that maybe they could have proved intent to commit theft, but they charged intent to commit rape, and they had not proven that. Right, but we don't look at the charging documents unless the statute is divisible. With the exception that if there's no clear state law divining one or the other, Mathis stated that the courts can look at the charging documents for the sole purpose of trying to decide whether the statute is divisible. And this Court said that, stating Edwards, analyzing the Wisconsin burglary statute, something similar there it held under Wisconsin law, it was mere factual surplusage when the charge provided additional information. That doesn't appear to be the case here. So in our view, given Payne and Payne's reliance on an Illinois Supreme Court case, Tooley, it seems consistent alongside what the Illinois jury instructions say. They say the court should identify the offense as charged in the indictment in the jury instructions. So consistent with all that, it appears that there are separate elements and different offenses that would be divisible. So in our view, the district court did not commit plain error by deciding that the statute was divisible and looking to the charge, including there's an aggravated felony. Do you think Martinez-Garcia and Vaca-Telez are sound as a matter of first principles? We agree with the holdings in those cases. Oh, sure you do. But we do agree that there needs to be an analysis under Mathis of the divisibility issue and that you can't just go to the charging document. Well, right, even setting aside what we now know about the analysis after Mathis, just to say that a crime is an attempted theft when that's not how state law treats it, does the mere definition of aggravated felony permit that approach? Yes. We have to decide. I mean, the question is whether the defendant was convicted of an aggravated felony, so we have to look at the state crime of which he was convicted and not reconstrue it as something that it's not. Yes, and in our view, the states have construed it to be different offenses, and when you look at the charging document with intent to commit theft, that is an attempted theft offense, which I don't believe either party is contesting. If the court rules the statute is divisible, then the district court was correct and the district court did not plainly err. I would say, in addition, at a minimum, any alleged error was not plain. As the defendant concedes, there's no specific Illinois cases that address this issue. As the defendant concedes, this is a changing area of the law with difficult issues, so at a minimum, the district court didn't plainly err. And finally, the defendant has waived its argument. I see my time is up, unless there are any further questions. Okay, thank you. And that's it. The conviction sentence is deferred. Thank you. Mr. Amais? Say, I realize, I shouldn't admit this, but I don't understand what divisibility of intent means. What's that about? If I can. As counsel has noted, this is a complicated area of law, though. I wouldn't Well, it sounds like gibberish to me. It does draw from the Supreme Court Well, forget the Supreme Court. What is it supposed to mean? Well, the idea is that trying to distinguish between whether or not a statute can when it lists alternatives The Illinois burglary statute? In this case, the Illinois burglary statute. But the concept of divisibility, we're looking at when a statute lists alternatives, do they list alternative elements that then the prosecutor must choose between and must prove beyond a reasonable doubt to the exclusion of other alternatives? Or are the alternatives and their means, which are various ways of satisfying a single element, and the jury does not have to be anonymous as to the piece? Well, how does that apply to these car burglaries? It applies to these car burglaries because in this particular case, we're looking at whether or not it was error for the court to conclude that as a matter of law, either of these convictions were attempted theft offenses. Well, if you break into a car to steal stuff, why isn't that an attempted theft? If the statute is not divisible, which under Illinois law What are you talking about? If you break into a car to steal something, surely that's attempted theft. In fact, it's accomplished theft if you actually steal. That is factually correct. If someone were to break into a car to steal something, that would be an attempted theft. However, the question here is, does the prior conviction prove that the defendant broke into a car to steal something? And because the statute is not divisible, we can't say that based on just the fact of conviction because he could have broken into it to commit arson, for example. We don't know whether he's ever broken into a car? Certainly we know that he's broken into a car. We don't know beyond a reasonable doubt what his intent was. Oh, honestly. Didn't he take something out? I don't know, Your Honor. It's not clear from the record. Well, why would he break into a car? For fun. For fun? I mean, he could have just been a vandal. He has committed thefts from cars, hasn't he? They usually do. This is not a first time of this. Certainly. He has done it before, right? So why isn't the assumption that if he breaks into a car again, it's to steal? That's his motive for breaking into cars. Because in this case, this is not, he is not on, I see I'm beyond my time. So I'll try to make this quick. When you're in mid-flight, keep going. I, when, in this particular case, because we are using records of past conviction, we have to, we don't, we are using records of past conviction to assess a sentence in this conviction. Now, if we were talking about, if we were sentencing him for this burglary that happened many years ago, we would be interested in the facts. When we are using it as a sentencing enhancement, we are told that we cannot use the facts, we must use, we must analyze the statute and make decisions based solely on what the statute requires. Well, that doesn't make any sense. It doesn't. That's stupid. That's what it is. It doesn't make any sense. We know he broke into the car to steal. That's what he does. He doesn't have other motives for breaking into a car. Your Honor. He doesn't steal a car. He may have had. Would you not interrupt me? I'm sorry. He doesn't steal a car. He steals stuff out of the car. Now, why can't a judge say, it's perfectly clear that his last car burglary was an attempted theft, like his other car burglaries, and therefore, I'm going to, you know, throw the book at him, given the 24 months. What's wrong with that? Your Honor, when we're looking at records of past convictions, the Supreme Court has noted that when it's a question of means. Well, are you going to defend it or just rely on the Supreme Court? Does it make any sense? It makes sense because there is no reason for a defendant pleading guilty to a crime to make immaterial distinctions in a factual basis when it has no bearing on the outcome. But of course it has a bearing on the sentence. What he did, that's relevant. Usually in sentencing, the judge is allowed to look at anything that, you know, bears rationally on what a proper punishment is. And if you know this guy breaks into cars and steals stuff out of it, that, I think, certainly supports the judge's sense. It ought to be 24 months rather than 12 months or 20 months. Certainly. But you say the Supreme Court forbids this? It does, Your Honor. It doesn't allow the sentencing judge to take this into account? It requires the sentencing judge to look strictly at the statute. For purposes of assessing the eight points. Correct, Your Honor. So the guidelines calculation is law-based and booker discretion is fact-based. So the judge can do this all he or she wants in booker discretion, but not in assessing guidelines points. That's a legal question. Correct, Your Honor. Okay. Well, thank you, Ms. Ramez. And thank you, Mr. Gidwani.